WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alberto Flores,<br><br>   Plaintiff,<br><br>v.<br><br>Phillip Verdugo, et al.,<br><br>   Defendants. | No. CV-06-679-PHX-SMM<br><br>**RULE 16 SCHEDULING ORDER** |

  On May 31, 2007, a Preliminary Pretrial Conference was held in open Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. Prior to the conference, the parties filed a Rule 26(f) Case Management Plan. Pursuant to the terms of the Case Management Plan, and the representations made by the parties at the Rule 16 Preliminary Pretrial Conference, all parties were ordered to comply with the deadlines established in this Order.

  **IT IS HEREBY ORDERED** that the current provisions of the Federal Rules of Civil Procedure shall apply to all proceedings concerning this case.

  **IT IS FURTHER ORDERED** that all Initial Disclosures as defined in Federal Rule of Civil Procedure 26(a), if not already exchanged prior to the time of this Preliminary Pretrial Conference, shall be made **no later than five (5) days** after date of entry of this Order or, in the alternative, no later than _June 1, 2007_.

1    **IT IS FURTHER ORDERED** that to satisfy the requirements of Federal Rule of Civil
2    Procedure 26(a), the parties shall file with the Clerk of the Court a <u>Notice of Initial
3    Disclosure</u>, rather than copies of the actual disclosures.

4    **IT IS FURTHER ORDERED** that any amendment to the Complaint shall be filed no
5    later than ___N/A___. Any amendment to the
6    Answer shall be filed no later than ___N/A___.

7    **IT IS FURTHER ORDERED** that the Plaintiff(s) shall disclose the identity of any
8    person who may be used at trial to present evidence under Federal Rules of Evidence 701, 702,
9    703, 704, and 705 no later than ___July 30, 2007___.[1] The
10   Defendant(s) shall disclose the identity of any person who may be used at trial to present
11   evidence under Federal Rules of Evidence 701, 702, 703, 704, or 705 no later than
12   ___September 3, 2007___. Rebuttal experts if any, shall be disclosed no
13   later than ___October 1, 2007___. No deposition of any expert witnesses shall
14   occur before the disclosures concerning expert witnesses mandated by this Order are made.

15   **IT IS FURTHER ORDERED** that the disclosures of the identities of any persons who
16   may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704,
17   or 705 shall also include all of the disclosures required by Federal Rule of Civil Procedure
18   26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert
19   testimony in the case, or (2) is an agent or employee of the party offering the testimony whose
20   duties regularly involve giving expert testimony.

21   **IT IS FURTHER ORDERED** that all discovery, including depositions of parties,
22   witnesses, and experts, answers to interrogatories, and supplements to interrogatories must be
23   completed by ___January 11, 2008___. In no
24   event, however, shall this provision alter the duties and obligations imposed upon the parties
25   by Federal Rule of Civil Procedure 26(e). This Order contemplates that each party will

---

[1] The parties are hereby given notice that this Order requires disclosure greater than that required by Federal Rule of Civil Procedure 26(a)(2).

1  conduct discovery in such a manner as to complete, within the deadline, any and all discovery. "Last minute" or "eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

**IT IS FURTHER ORDERED** that depositions shall be limited as provided by Rules 30 and 31 of the Federal Rules of Civil Procedure unless the parties otherwise stipulate in writing when permitted to do so pursuant to the Rules or when granted permission to depart from the provisions of the Rules by Order of this Court. Notwithstanding any provision in the Federal Rules of Civil Procedure or the Local Rules, the parties shall conduct no more than ____10____ depositions.

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 30(d)(2) that there shall be a time limit of ____4____ hours[2] to conduct a deposition of any witness in this case, *except for Mr. Flores and Mrs. Hughes who are limited to 7 hours*. Additional time shall be allowed where the deponent or a party impedes or delays the examination. This time limit may only be extended by Order of this Court upon motion of any party that demonstrates good cause for doing so. Counsel shall conduct themselves courteously and professionally, especially during the taking of depositions. Any objections made during the course of a deposition must be in accordance with Rule 26(d)(1) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that notwithstanding any provisions of the Federal Rules of Civil Procedure or any other provisions of this Order, non-party witnesses shall <u>not</u> be permitted to attend, either physically, electronically, or otherwise, the deposition of any other witness in this case without an Order of this Court to the contrary.

**IT IS FURTHER ORDERED** that discovery by interrogatory shall generally be governed by Federal Rule of Civil Procedure 33. However, notwithstanding Federal Rule of

---

[2] The Court finds that a presumptive limit of four (4) hours is sufficient for depositions in a standard track civil case.

1  Civil Procedure 33, there is a limit of __25__ interrogatories, including discrete
2  subparts, applicable to this case.

3      **IT IS FURTHER ORDERED** that requests for admissions shall be governed by Federal
4  Rule of Civil Procedure 36. The parties shall serve no more than __20__ requests for
5  admissions.

6      **IT IS FURTHER ORDERED** reminding counsel of their duty under Rule 26(e) of the
7  Federal Rules of Civil Procedure to supplement all Rule 26(a) disclosures and responses to
8  discovery requests. Pursuant to Rule 26(e)(1), any additions or other changes to information
9  previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial Disclosures
10 are due. Since this Court effectively requires all Rule 26(a)(3) Pretrial Disclosures to be
11 contained in the Proposed Final Pretrial Order, this Order contemplates that all exhibits and
12 witnesses that may be offered at trial will have been disclosed before the close of discovery
13 as established by the provisions of this Order. This Order therefore supersedes the "thirty-day
14 before trial" disclosure deadline contained in that Rule. Therefore (1) failure to have timely
15 supplemented a Rule 26(a) disclosure, including but not limited to witnesses and exhibits, or
16 (2) a failure to have timely supplemented responses to any valid discovery requests, or (3)
17 attempting to include any witnesses or exhibits in the Proposed Final Pretrial Order that were
18 not previously disclosed in a timely manner as to allow for meaningful discovery prior to the
19 discovery cutoff date as established by this Order, may result in the exclusion of such evidence
20 at trial or the imposition of other sanctions.

21     **IT IS FURTHER ORDERED** that, <u>**in the event of a discovery dispute, the parties**</u>
22 <u>**shall contact the Court to request a telephonic conference prior to filing any discovery**</u>
23 <u>**motions.**</u> The parties shall not contact the Court regarding a discovery dispute unless they
24 have been unable to resolve the dispute themselves, despite personal consultation and sincere
25 efforts to do so. The parties shall not file any written materials related to a discovery dispute
26 or discovery motion without express leave of Court. If the Court does order written
27 submissions, the movant shall include a statement certifying that counsel could not
28 satisfactorily resolve the matter despite personal consultation and sincere efforts to do so, in

1  accordance with LRCiv 7.2(j) of the Rules of Practice of the United States District Court for
2  the District of Arizona.
3      **IT IS FURTHER ORDERED** that all dispositive motions shall be filed no later than
4  _March 7, 2008_. Such motions must be, in all respects, in full
5  compliance with the Rules of Practice of the United States District Court for the District of
6  Arizona.
7      **IT IS FURTHER ORDERED** that no submissions to the Court shall contain any
8  footnotes in excess of five (5) lines.
9      **IT IS FURTHER ORDERED** that all parties are hereby specifically admonished that
10 failure to respond to a motion by serving and filing an answering memorandum within the time
11 period expressly provided for in LRCiv 7.2 of the Rules of Practice of the United States
12 District Court for the District of Arizona may be deemed a consent to the denial or granting
13 of the motion and the Court may then dispose of the motion summarily.
14     **IT IS FURTHER ORDERED** that the parties shall not notice oral argument on any
15 motion. Instead, a party desiring oral argument on a motion shall request argument by placing
16 "Oral Argument Requested" immediately below the title of such motion, pursuant to LRCiv
17 7.2(f) of the Rules of Practice of the United States District Court for the District of Arizona.
18 The Court will then issue a minute order scheduling the oral argument.
19     Oral argument shall be scheduled at the request of a party on all motions to dismiss and
20 motions for summary judgment. On all other motions on which a party requests oral argument,
21 the Court will determine whether oral argument is necessary. FURTHER, THE PARTIES ARE
22 REMINDED THAT OBTAINING A HEARING DATE IS PURELY ADMINISTERIAL.
23 ACCORDINGLY, REGARDLESS OF A HEARING DATE, THE COURT MAY, AT ANY TIME
24 AFTER THE MOTION IS FULLY BRIEFED, DETERMINE THAT A HEARING IS
25 UNWARRANTED AND RULE ON THE MOTION WITHOUT ORAL ARGUMENT.
26     **IT IS FURTHER ORDERED** that any and all motions, requests, or stipulations for
27 extensions of time shall be made in accordance with the provisions of LRCiv 7.3 of the Rules
28 of Practice of the United States District Court for the District of Arizona. Notwithstanding

**authority if the party is an entity**, shall attend the Final Pretrial Conference. At the Final Pretrial Conference, the Court shall set a firm trial date.

**IT IS FURTHER ORDERED** that the parties shall keep the Court informed regarding the possibility of settlement and should settlement be reached, the parties shall file a Notice of Settlement with the Clerk of the Court.

**IT IS FURTHER ORDERED** that this Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 16 of the Federal Rules of Civil Procedure.

DATED this 31 day of May, 2007.

Stephen M. McNamee
United States District Judge